1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**
9            **CENTRAL DISTRICT OF CALIFORNIA**
10           **WESTERN DIVISION**

11   TROY T. COLEMAN,                )        No. CV 08-6447-GW (AGR)
                                      )
12                  Petitioner,       )
                                      )
13           v.                       )        ORDER ADOPTING MAGISTRATE
                                      )        JUDGE'S REPORT AND
14   LINDA SANDERS, Warden,           )        RECOMMENDATION
                                      )
15                  Respondent.       )
     _____)

16

17          Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo,

18   including the Petition, the Magistrate Judge's Report and Recommendation ("R&R"),

19   the Objections to the R&R, and all records in the file.  Having made a de novo

20   determination, the Court agrees with the recommendation of the Magistrate Judge.

21          Based on Bureau of Prisons ("BOP") Program Statement 5880.28, Petitioner

22   objects that his federal sentence should have commenced when sentence was

23   imposed.  (Objections at 2-3.)  Program Statement 5880.28 provides that a sentence

24   commences on the date of imposition only "[i]f the prisoner is serving no other federal

25   sentence at the time the sentence is imposed, and is in exclusive federal custody (not

26   under the jurisdiction of a federal writ of habeas corpus ad prosequendum) at the

27   time of sentencing on the basis of the conviction for which the sentence is imposed."

28   (Ex. 8 at 1 to Johnson Decl. (emphasis in original).)

1     This provision does not apply to Petitioner. As the R&R points out, Petitioner

2 was in state prison on November 28, 1989, when the Northern District of Oklahoma

3 issued a writ of habeas corpus ad prosequendum ordering delivery of Petitioner to

4 federal court.  (R&R at 2-3.)  Petitioner was sentenced in the federal Retaliation Case

5 on July 13, 1990 and in the federal Drug Case on September 19, 1990.  (R&R at 3.)

6 Petitioner was returned to the state on September 21, 1990, and California released

7 Petitioner on parole on June 23, 1992.  (*Id.* at 3.)  A prisoner detained pursuant to a

8 writ "is considered to be 'on loan' to the federal authorities so that the sending state's

9 jurisdiction over the accused continues uninterruptedly."  *Thomas v. Brewer*, 923

10 F.2d 1361, 1367 (9th Cir. 1991).  California's primary custody over Petitioner

11 continued "uninterruptedly" until the state released him on parole on June 23, 1992.

12 (R&R at 3.)  Petitioner was therefore not in "exclusive federal custody" when he was

13 sentenced in the federal Retaliation Case and in the federal Drug Case.

14     Petitioner's argument that he was tried in a separate federal Retaliation Case

15 while he was in federal custody pursuant to the writ of habeas corpus ad

16 prosequendum issued in the federal Drug Case does not alter the analysis.

17 California did not commit any act constituting relinquishment of its primary custody

18 over Petitioner until June 23, 1992, when it released Petitioner on parole.

19 Accordingly, the BOP properly calculated Petitioner's sentence to commence on

20 June 23, 1992, the date he was "received in custody awaiting transportation to" a

21 federal facility to serve his federal sentence pursuant to 18 U.S.C. § 3585(a).

22     Petitioner next objects that the BOP erred in calculating his two federal

23 sentences to run consecutively.  (Objections at 4-5.)  "Multiple terms of imprisonment

24 imposed at different times run consecutively unless the court orders that the terms

25 are to run concurrently."  18 U.S.C. § 3584(a).  Here, Petitioner was sentenced in two

26 separate federal cases at different times.  Petitioner was sentenced in the federal

27 Retaliation Case on July 13, 1990, and in the federal Drug Case on September 19,

28 1990.  (R&R at 3.)  In the federal Drug Case, the judge did not order the sentence to

1   run concurrently with the sentence in the federal Retaliation Case.  Accordingly,

2   pursuant to 18 U.S.C. § 3584(a), the two federal sentences run consecutively.[1]  The

3   BOP's calculation is not erroneous.

4          IT IS ORDERED that the Report and Recommendation is adopted and

5   approved, and that Judgment be entered denying the Petition and dismissing this

6   action with prejudice.

7

8   DATED: <u>December 30, 2009</u>

                                    _____
9                                          GEORGE H. WU
                                    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [1]   Moreover, "in the absence of an order to the contrary, a federal sentence is to run
    consecutively to a prior state sentence."  *United States v. Chea*, 231 F.3d 531, 535 (9th
28  Cir. 2000).

3